| | | |
|---|---|---|
| **Franklin Delenor Finch and Ann Finch**, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| **BASF CATALYSTS LLC**, sued individually and as | : | |
| successor-in-interest to ENGELHARD, PITA | : | |
| REALTY LTD, and EASTERN MAGNESIA TALC | : | |
| CO.; | : | **CIVIL ACTION COMPLAINT** |
| **COVIL CORPORATION**; | : | |
| **DANIEL INTERNATIONAL CORPORATION** | : | |
| f/k/a DANIEL CONSTRUCTION COMPANY, INC.; | : | |
| **FLUOR CONSTRUCTORS INTERNATIONAL**, | : | |
| f/k/a FLUOR CORPORATION; | : | |
| **FLUOR CONSTRUCTORS INTERNATIONAL,** | : | |
| **INC.** ; | : | **JURY TRIAL DEMANDED** |
| **FLUOR DANIEL SERVICES CORPORATION**; | : | |
| **FLUOR ENTERPRISES, INC.**; | : | |
| **FOSTER WHEELER ENERGY** | : | |
| **CORPORATION**; | : | |
| **MCNEIL (OHIO) CORPORATION, INC.**; | : | |
| **MCNEIL & NRM, INC.**; | : | |
| **METROPOLITAN LIFE INSURANCE** | : | |
| **COMPANY;** AND | : | |
| **PFIZER, INC.** | | |
| Defendants. | | |

## CIVIL ACTION COMPLAINT

Plaintiffs Franklin Delenor Finch and Ann Finch sue the above-named Defendants

for compensatory and punitive damages and allege as follows:

1

## PARTIES

1.     Plaintiffs Franklin Delenor Finch and Ann Finch are citizens and residents of the County of Wilson, State of North Carolina.

2.     Defendant, **BASF CATALYSTS LLC,** (sued individually and as successor-in-interest to ENGELHARD, PITA REALTY LTD, AND EASTERN MAGNESIA TALC CO.), was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Pennsylvania.  After due diligence, Plaintiffs are unable to ascertain the citizenship of the members of BASF Catalysts, LLC.  At all times material hereto, **BASF CATALYSTS LLC,** (sued individually and as successor-in-interest to ENGELHARD, PITA REALTY LTD, AND EASTERN MAGNESIA TALC CO.) mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, talc powder. **BASF CATALYSTS LLC,** (sued individually and as successor-in-interest to ENGELHARD, PITA REALTY LTD, AND EASTERN MAGNESIA TALC CO.) has done and does business in the State of North Carolina.

3.     Defendant, **COVIL CORPORATION**, was and is a company incorporated under the laws of the State of South Carolina with its principal place of business in South Carolina. At all times material hereto, **COVIL CORPORATION**, mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products,

2

materials, or equipment, including, but not limited to, thermal insulation products. **COVIL CORPORATION** has done and does business in the State of North Carolina.

4. Defendant, **DANIEL INTERNATIONAL CORPORATION** f/k/a DANIEL CONSTRUCTION COMPANY, INC.**,** was and is a company incorporated under the laws of the State of South Carolina with its principal place of business in South Carolina. At all times material hereto, **DANIEL INTERNATIONAL CORPORATION** f/k/a DANIEL CONSTRUCTION COMPANY, INC., mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, removal and installation of asbestos containing insulation. **DANIEL INTERNATIONAL CORPORATION** f/k/a DANIEL CONSTRUCTION COMPANY, INC. has done and does business in the State of North Carolina.

5. Defendant, **FLUOR CONSTRUCTORS INTERNATIONAL,** f/k/a FLUOR CORPORATION**,** was and is a company incorporated under the laws of the State of California with its principal place of business in South Carolina. At all times material hereto, **FLUOR CONSTRUCTORS INTERNATIONAL,** f/k/a FLUOR CORPORATION, mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, removal and installation of asbestos containing insulation. **FLUOR CONSTRUCTORS**

**INTERNATIONAL,** f/k/a FLUOR CORPORATION, has done and does business in the State of North Carolina.

6.     Defendant, **FLUOR CONSTRUCTORS INTERNATIONAL,** was and is a company incorporated under the laws of the State of California with its principal place of business in South Carolina. At all times material hereto, **FLUOR CONSTRUCTORS INTERNATIONAL,** mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, removal and installation of asbestos containing insulation. **FLUOR CONSTRUCTORS INTERNATIONAL**, has done and does business in the State of North Carolina.

7.     Defendant, **FLUOR DANIEL SERVICES CORPORATION,** was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Texas. At all times material hereto, **FLUOR DANIEL SERVICES CORPORATION**, mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, removal and installation of asbestos containing insulation. **FLUOR DANIEL SERVICES CORPORATION** has done and does business in the State of North Carolina.

8.     Defendant, **FLUOR ENTERPRISES, INC.,** was and is a company incorporated under the laws of the State of California with its principal place of business in California. At all times material hereto, **FLUOR ENTERPRISES, INC.,** mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced,

4

repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, removal and installation of asbestos containing insulation. **FLUOR ENTERPRISES, INC.,** has done and does business in the State of North Carolina

9. Defendant, **FOSTER WHEELER ENERGY CORPORATION**, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in New Jersey. At all times material hereto, **FOSTER WHEELER ENERGY CORPORATION** mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Foster Wheeler boilers. **FOSTER WHEELER ENERGY CORPORATION** has done and does business in the State of North Carolina.

10. Defendant, **MCNEIL (OHIO) CORPORATION, INC.**, was and is a company incorporated under the laws of the State of Minnesota with its principal place of business in Minnesota. At all times material hereto, **MCNEIL (OHIO) CORPORATION, INC.** mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, McNeil tire presses. **MCNEIL (OHIO) CORPORATION, INC.** has done and does business in the State of North Carolina.

11. Defendant, **MCNEIL & NRM, INC.**, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Ohio. At all

5

times material hereto, **MCNEIL & NRM, INC.**, mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, McNeil & NRM tire presses. **MCNEIL & NRM, INC.**, has done and does business in the State of North Carolina.

12.     Defendant, **METROPOLITAN LIFE INSURANCE COMPANY,** was and is a company incorporated under the laws of the State of New York with its principal place of business in New York. **METROPOLITAN LIFE INSURANCE COMPANY** has done and does business in the State of North Carolina.  Metropolitan Life Insurance Company is named as a conspiracy defendant.

13.     Defendant, **PFIZER, INC.,** was and is a company incorporated under the laws of the State of Delaware with its principal place of business in New York. At all times material hereto, **PFIZER, INC.**, mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, talc powder.  **PFIZER, INC.** has done and does business in the State of North Carolina.

14.     Plaintiffs bring this action for monetary damages as a result of Plaintiff Franklin Delenor Finch contracting an asbestos-related disease. Plaintiff Franklin Delenor Finch was diagnosed with mesothelioma in March 2016.

15.     Plaintiff Franklin Delenor Finch was wrongfully exposed to and inhaled, ingested or otherwise absorbed asbestos fibers, an inherently dangerous toxic substance,

6

as described below:

Plaintiff Franklin Delenor Finch experienced occupational exposure to asbestos while working as a Cure Room Set-up Man/Mold Changer from approximately 1975 to at least 1980, at the Firestone Tire Plant in Wilson, North Carolina. While performing his duties, Plaintiff Franklin Delenor Finch was exposed to asbestos-containing products and/or equipment including, but not limited to, those made or specified by **ASBESTOS CORPORATION, LTD.**; **BASF CATALYSTS LLC**, sued individually and as successor-in-interest to ENGELHARD, PITA REALTY LTD, and EASTERN MAGNESIA TALC CO.; **FOSTER WHEELER ENERGY CORPORATION**; **MCNEIL (OHIO) CORPORATION, INC.**; and **MCNEIL & NRM, INC.;** and **PFIZER, INC.** Plaintiff Franklin Delenor Finch experienced further occupational exposure as a result of contractors working with asbestos containing equipment and/or thermal insulation products in the immediate vicinity of Plaintiff Franklin Delenor Finch at his work site. These contractors include, but may not be not limited to, the following entities: **DANIEL INTERNATIONAL CORPORATION** f/k/a DANIEL CONSTRUCTION COMPANY, INC.; **FLUOR CONSTRUCTORS INTERNATIONAL**, f/k/a FLUOR CORPORATION; **FLUOR CONSTRUCTORS INTERNATIONAL, INC.**; **FLUOR DANIEL SERVICES CORPORATION**; **FLUOR ENTERPRISES, INC.** (collectively, hereinafter the "Premise and Contractor Defendants.")

16. At all times pertinent hereto, the Defendants acted through their duly

7

authorized agents, servants and employees, who were then and there acting in the course and scope of their employment and in furtherance of business of said Defendants.

17. At all material times, the Defendants mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, either directly or indirectly to Plaintiff Franklin Delenor Finch's employers or to such other entities so that these materials were caused to be used at Plaintiff Franklin Delenor Finch's work sites.

## JURISDICTION AND VENUE

18. This Court has personal jurisdiction over the Defendants because the Defendants are duly licensed to do business in the State of North Carolina and/or at all material times are or have been engaged in business in the State of North Carolina.

19. Pursuant to 28 U.S.C.A. §1391, venue is proper in this judicial district because a substantial part of the events or omissions occurred in North Carolina.

20. Further, this Court has jurisdiction over the parties pursuant to 28 U.S.C.A. §1332 because the parties to the suit are completely diverse in that none of the Defendants are citizens of the same state as Plaintiffs. The amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

21. Plaintiffs have satisfied all conditions precedent to the filing of this action.

22. All of the named Defendants listed on the caption are foreign corporations who are amenable to jurisdiction in the courts of North Carolina by virtue of their respective conduct of substantial and/or systematic business in North Carolina which

8

subjects them to the jurisdiction of the North Carolina courts pursuant to the North Carolina Long-Arm Statute. Each Defendant corporation does or in the past mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, which are or in the past were sold, distributed, and used in North Carolina.  As mentioned above, Plaintiff Franklin Delenor Finch was exposed to various asbestos-containing products while working at jobs in North Carolina.

<u>**FIRST CAUSE OF ACTION**</u>
<u>**NEGLIGENCE**</u>
**(Against all named Defendants except Metropolitan Life Insurance Company)**

23.    Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

24.    At all material times, Defendants are or were miners, manufacturers, distributors, processors, importers, converters, compounders, and/or retailers of asbestos and/or asbestos-containing products, materials or equipment.

25.    The Defendants, acting through their agents, servants, and/or employees caused, and have caused in the past, certain asbestos and asbestos-containing materials, products or equipment to be placed in the stream of interstate commerce with the result that said asbestos and asbestos-containing materials, products or equipment came into use by Plaintiff Franklin Delenor Finch.

26.    Throughout the course of his employment, Plaintiff Franklin Delenor Finch worked with and was exposed to the asbestos and asbestos-containing materials, products

or equipment mined, manufactured, processed, imported, converted, compounded, and/or sold by the Defendants, most of the exposure being within the State of North Carolina.

27.     During the course and scope of his employment, Plaintiff Franklin Delenor Finch was exposed to Defendants' asbestos and asbestos-containing materials, products or equipment, which exposure directly and proximately caused him to develop an illness known and designated as mesothelioma.

28.     Defendants, acting by and through their servants, agents and employees, duly authorized and acting within the scope and authority of their employment had a duty to design, manufacture and sell products that were not unreasonably dangerous or defective and/or a duty to warn Plaintiff Franklin Delenor Finch and foreseeable users of said products of the dangers and defects which the Defendants created, knew, or within the exercise of reasonable care, should have known.

29.     Plaintiff Franklin Delenor Finch, whose livelihood was dependent upon the work that he did for the various employers, was required to work with and around asbestos and/or asbestos-containing products, materials or equipment that were manufactured, processed, distributed, supplied and/or sold by Defendants.  Defendants knew or should have known that persons employed, such as Plaintiff Franklin Delenor Finch, would be required to and would come into contact with and would work in close proximity to said products.

30.     Plaintiff Franklin Delenor Finch sustained injuries caused by no fault of his own and which could not be avoided through the use of reasonable care.  Plaintiff Franklin Delenor Finch's development of an asbestos-related disease was directly and

proximately caused by the negligence and carelessness of Defendants in that they manufactured, processed, sold, supplied or otherwise put said asbestos or asbestos-containing products, materials or equipment into the market and into the stream of interstate commerce while they knew, or in the exercise of ordinary care should have known, that said products were deleterious, poisonous, cancer-causing and/or inherently dangerous and harmful to Plaintiff Franklin Delenor Finch's body, lungs, respiratory system, skin, health, and general well-being. Further, Defendants knew or in the exercise of reasonable care should have known that Plaintiff Franklin Delenor Finch would not know of such danger to his health.

31. Plaintiff Franklin Delenor Finch's illness and/or disabilities are the direct and proximate result of the negligence and carelessness of Defendants, jointly and severally, in that, even though the Defendants knew, or in the exercise of ordinary care should have known that the asbestos and asbestos-containing materials, products or equipment were deleterious, poisonous, and highly harmful to Plaintiff Franklin Delenor Finch's body, lungs, respiratory system, skin, and health, Defendants breached their duties and were negligent in the following acts and/or omissions:

(a) Failed to advise Plaintiff Franklin Delenor Finch of the dangerous characteristics of their asbestos and/or asbestos-containing materials, products or equipment;

(b) Failed or omitted to provide Plaintiff Franklin Delenor Finch with the knowledge as to what would be reasonably safe and sufficient apparel and protective equipment and appliances to reduce exposure to inhalable

11

asbestos fibers, if in truth they were in any way able to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-containing materials, products or equipment;

(c)   Failed and omitted to place any warnings or sufficient warnings on their containers of said asbestos and asbestos-containing materials, products or equipment to warn the handlers of the dangers to health in coming in contact with said asbestos and asbestos-containing materials, products or equipment;

(d)   Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt, and enforce a safety plan and a safe method of handling and installing said asbestos-containing materials, products or equipment;

(e)   Inadequately warned, if in fact they warned at all, persons such as Plaintiff Franklin Delenor Finch of the dangers to their health in coming in contact with and breathing said asbestos fibers from asbestos and/or asbestos-containing materials, products or equipment;

(f)   Did not recommend methods to improve the work environment;

(g)   Did not develop alternative products;

(h)   Continued to use a known cancer-causing product, to-wit:  asbestos; and

(i)   After discovering that the asbestos exposure caused a progressive lung disease, the Defendants did not inform Plaintiff Franklin Delenor Finch of

12

the need for monitoring and periodic evaluations up to and including the filing of this complaint.

32. Defendants, at the time of designing, manufacturing, distributing, selling, or otherwise placing asbestos and/or asbestos-containing products, materials or equipment into the stream of commerce knew, or in the exercise of reasonable care should have known, about the risks associated with their products. The products in question were defective at the time they left the control of the Defendants.

33. Defendants were negligent and breached their duty of due care to Plaintiff Franklin Delenor Finch by taking or failing to take the actions as previously alleged to avoid harm to Plaintiff Franklin Delenor Finch and other foreseeable users, in light of the reasonably foreseeable dangers caused by the design, manufacture, sale, distribution of the asbestos and/or asbestos-containing products, materials or equipment at issue in the stream of commerce.

34. The hazards posed by exposure to asbestos and/or asbestos-containing products, materials or equipment and the resulting injuries and damages to Plaintiff Franklin Delenor Finch were reasonably foreseeable, or should have been reasonably foreseen by Defendants.

35. As a direct and proximate result of the aforesaid negligent acts and/or omissions by the Defendants, Plaintiff Franklin Delenor Finch developed mesothelioma as a consequence of which, through no fault of his own, he was severely injured, disabled and damaged.

36.    As a result of the above, Plaintiffs seek damages as are hereinafter demanded.

## SECOND CAUSE OF ACTION
## PRODUCT LIABILITY – INADEQUATE DESIGN OR FORMULATION
### (Against all named Defendants except Metropolitan Life Insurance Company)

42.    Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

43.    At all material times, Defendants were engaged in the manufacture, distribution, supply, sale, assembly, production, construction, and/or specification of asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products.

44.    Defendants, acting through their agents, servants, and/or employees, placed in the stream of commerce asbestos products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products designed, manufactured, distributed, marketed, and/or sold by Defendants that were defective, unsafe and unreasonably dangerous for their intended and/or foreseeable uses with the result of that said asbestos and asbestos-containing materials, products or equipment came into use by Plaintiff Franklin Delenor Finch.

45.    Defendants, acting by and through their servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to design, manufacture and sell products that were not unreasonably dangerous or defective and/or a duty to warn Plaintiff Franklin Delenor Finch and foreseeable users of

said products of the dangers and defects which the Defendants created knew, or within the exercise of reasonable care, should have known.

46. Defendants acted unreasonably in designing and/or formulating asbestos-containing products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products harmful to Plaintiff Franklin Delenor Finch's body, lungs, respiratory system, skin, and health. Defendants acted unreasonably in the following acts and/or omissions:

(a) Failing to adopt a practical, feasible, and otherwise reasonable alternative design that was safer, that could have been reasonably adopted and that would have prevented or substantially reduced the risk of harm to individuals such as Plaintiff Franklin Delenor Finch without substantially impairing the usefulness, practicality or desirability of Defendants' products; and

(b) Using a design that was so unreasonable that reasonable person, aware of the relevant facts, would not use or consume products of this design.

47. Defendants, at the time of designing, manufacturing, distributing, selling, or otherwise placing asbestos and/or asbestos-containing products, materials or equipment into the stream of commerce knew, or in the exercise of reasonable care should have known, about the risks associated with their products. The products in question were defective at the time they left the control of the Defendants.

48. Defendant's unreasonable acts in designing asbestos products and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products

15

herein manufactured, distributed, sold and specified by Defendants was a proximate cause of Plaintiff Franklin Delenor Finch's development of mesothelioma, as a consequence of which through no fault of his own, he was severely injured, disabled and damaged.

49.     As a result of the above, Plaintiffs seek damages as are hereinafter demanded.

## THIRD CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY
### (Against all named Defendants except Metropolitan Life Insurance Company)

50.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

51.     The Defendants impliedly warranted that said asbestos materials were of good and merchantable quality and fit for their intended use.

52.     The implied warranty made by the Defendants that the asbestos and asbestos-containing materials, products, or equipment were of good and merchantable quality and for the particular intended use was breached and that certain harmful, poisonous, and deleterious matter was given off into the atmosphere wherein Plaintiff Franklin Delenor Finch carried out his duties while working with or in the vicinity of asbestos and asbestos-containing materials, products or equipment.

53.     As a direct and proximate result of the implied warranty of good and merchantable quality and fitness for the particular intended use, Plaintiff Franklin Delenor Finch developed an illness, to-wit: mesothelioma.

54.     As a result of the above, Plaintiffs seek damages as are hereinafter demanded.

16

## FOURTH CAUSE OF ACTION
## WILLFUL AND WANTON CONDUCT
**(Against all named Defendants except Metropolitan Life Insurance Company)**

55.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

56.     Plaintiff Franklin Delenor Finch and others in his position worked in close proximity to the asbestos and asbestos-related materials used or manufactured by the Defendants, and the exposure and hazard to each of them, in Plaintiff Franklin Delenor Finch's presence as well as others in his position, was known or in the exercise of reasonable care should have been anticipated by the Defendants and each of them.

57.     The Defendants have known or should have known since at least 1929 of medical and scientific data which clearly indicates that the products, asbestos and asbestos-containing products were hazardous to the health and safety of Plaintiff Franklin Delenor Finch and others in the Plaintiff's position, and prompted by pecuniary motives the Defendants, individually and collectively, ignored and failed to act upon said medical and scientific data and conspired to deprive the public and particularly the users of said medical and scientific data, depriving them therefore of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of said Defendants.  As a result, Plaintiff Franklin Delenor Finch was severely damaged as is set forth below.

58.     The Defendants intentionally and fraudulently continued to conceal the dangers of asbestos exposure from 1929 through 1970's, thus denying Plaintiff Franklin Delenor Finch the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations, cessation of smoking, and avoidance of further dust exposure. Specifically, Defendants' intentional, willful, wanton and fraudulent conduct included the following acts and omissions:

(a)     failure to warn prior users when the Defendants had knowledge of the need for monitoring due to prior exposure;

17

(b)     failure to issue recall type letters to prior users;

(c)     frustrating the publication of articles and literature from the 1930's through at least 1976;

(d)     rejection by top management of advice of corporate officials to warn of the hazards of their asbestos products; such rejection being motivated by the possibility of adverse effects on profits; and

(e)     delaying the use of and/or providing intentionally inadequate warnings on asbestos products.

59.     The acts and omissions of each of the Defendants as hereinabove set forth were intentional, willful and wanton, and done with willful disregard of the safety of Plaintiff Franklin Delenor Finch and others similarly situated at a time when each of the Defendants had knowledge, or should have had knowledge of the dangerous effect of asbestos and asbestos-containing materials, products or equipment upon the body of human beings, including Plaintiff Franklin Delenor Finch and others similarly situated, and even though forewarned by tests, standards, promulgations of rules and regulations, statutes, and ordinances recognized by the Defendants and subscribed to by them, nevertheless placed into the stream of commerce for their own profit this dangerous asbestos material with full knowledge that it was being used and would be used in the future to the detriment of the health of Plaintiff Franklin Delenor Finch and others similarly situated, and Plaintiffs are thereby entitled to punitive damages.

60.     Accordingly, as a result of the Defendants' conduct which was conducted willfully, wantonly and with malice, and was grossly negligent and in total disregard for the health and safety of the user or consumer such as Plaintiff Franklin Delenor Finch, Plaintiffs therefore seek exemplary and punitive damages against Defendants to punish

the Defendants for their actions, which were willful, wanton, gross, with malice, and in total disregard of the health and safety of the users and consumers of their products.

**FIFTH CAUSE OF ACTION**
**FALSE REPRESENTATION**
**(Against all Defendants except Metropolitan Life Insurance Company)**

61.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

62.     During, before, and after Plaintiff Franklin Delenor Finch's exposure to asbestos products manufactured, installed or otherwise used by Defendants, the Defendants falsely represented facts including the dangers of asbestos exposure to Plaintiff Franklin Delenor Finch in the particulars alleged in the paragraphs above, while Defendants each had actual knowledge of said dangers of asbestos exposure to persons such as Plaintiff Franklin Delenor Finch, and while Defendants each knew of the falsity of their representations and/or made the representations in reckless disregard of their truth or falsity.

63.     The foregoing representations were material conditions precedent to Plaintiff Franklin Delenor Finch's continued exposure to asbestos-containing products, and Defendants each intended that Plaintiff Franklin Delenor Finch act upon the representations by continuing his exposure to the asbestos products. Plaintiff Franklin Delenor Finch was ignorant of the falsity of Defendants' representations and rightfully relied upon the representations.

64.     As a direct and proximate result of Plaintiff Franklin Delenor Finch's reliance upon Defendants' false representations and fraud, Plaintiff Franklin Delenor Finch suffered injury and damages hereinafter described and seeks recovery for compensatory and punitive damages against these Defendants.

**SIXTH CAUSE OF ACTION**
**FAILURE TO WARN**

**(Against all named Defendants except Metropolitan Life Insurance Company)**

65.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

66.     At all times material hereto, the Defendants knew or should have known of the harmful effects and/or dangers of working with asbestos and/or asbestos-containing products, materials, or equipment and of exposures to inhalable asbestos.

67.     Defendants had a pre- and post-sale duty to warn individuals working at Plaintiff Franklin Delenor Finch's jobsites including, but not limited to, Plaintiff Franklin Delenor Finch of the dangers associated with the use and/or inhalation of asbestos dust and fibers.

68.     Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants failed to warn and/or inadequately warned Plaintiff Franklin Delenor Finch of the dangers including, but not limited to:

(a)     Failing to provide adequate cautions, warnings, and/or hazard statements and/or explanations with their products which should have been designed to provide to Plaintiff Franklin Delenor Finch knowledge about the hazards caused by exposure to their products and how to eliminate such hazards;

(b)     Failing to provide adequate product inserts, informative brochures, employee training literature, posters, and/or other written materials with their products which should have been designed to provide to Plaintiff

20

Franklin Delenor Finch knowledge about the hazards caused by exposure to their products and how to eliminate such hazards;

(c)     Failing to conduct on-site personnel training sessions with exposed workers which should have been designed to provide to the workers knowledge about the hazards caused by exposure to the products, and how to eliminate the hazards;

(d)     Failing to adequately test and research their products as to the hazards created during their use and failed thereafter to provide the results of such tests and research to exposed workers such as Plaintiff Franklin Delenor Finch;

(e)     Failing to inspect the workplace in which their products were being used to determine whether the products being used were deleterious to the health of exposed workers;

(f)     Failing to design, process and transport their products in a manner intended to minimize exposure during normal working conditions;

(g)     Failing to specify and market their products on the express agreement that necessary engineering controls, work practices, and other industrial hygiene controls would be implemented in conjunction with use of the products after it was known or should have been known that adequate protective measures were not being implemented;

(h)     Failing to recall their defective product or manufacture a reasonably safer alternative;

(i)     Failing to take adequate precautions and industrial hygiene measures to protect Plaintiff Franklin Delenor Finch and exposed workers when installing, repairing, or tearing out asbestos and/or asbestos-containing products, materials, or equipment including, but not limited to, providing protection from dust and fibers emanating from the installation, repair, and/or removal process; failing to use local ventilation; failing to provide warnings to Plaintiff Franklin Delenor Finch and workers in the facilities at issue that exposure to dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment was hazardous and carcinogenic; failing to adequately clean up debris from the installation, repair and/or removal process; failing to use wet down procedures; and/or failing to take other appropriate safety and industrial hygiene measures;

(j)     Otherwise failing to act reasonably under the totality of the circumstances.

69.     Defendants manufactured, processed and/or sold asbestos and/or asbestos-containing products, materials, or equipment to Plaintiff Franklin Delenor Finch's employers, and Plaintiff Franklin Delenor Finch's various employers used these products. Thus, Defendants had a pre- and post-sale duty to warn individuals working at Plaintiff Franklin Delenor Finch's jobsites including, but not limited to, Plaintiff Franklin Delenor Finch of the dangers associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment.

70.     Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-

containing products, materials, or equipment, the Defendants acted unreasonably in failing to provide adequate warnings and/or instructions as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment. Defendants had a continuing duty to provide post-sale warnings of dangers associated with their products and/or equipment to users.

71.     At the time the asbestos and/or asbestos-containing products, materials, or equipment left Defendants' control without adequate warning or instruction, Defendants created an unreasonably dangerous condition that they knew or should have known would pose a substantial risk of harm to a reasonably foreseeable claimant, such as Plaintiff Franklin Delenor Finch.   In the alternative, after the asbestos-containing products left Defendants' control, Defendants became aware of or in the exercise of ordinary care should have known that their products posed a substantial risk of harm to a reasonably foreseeable user such as Plaintiff Franklin Delenor Finch, and failed to take reasonable steps to give adequate warning or instruction or to take any other reasonable action under the circumstances.

72.     Defendants' failure to provide adequate warnings as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment or to provide proper instructions on the use, handling, and storage of asbestos and/or asbestos-containing products, materials, or equipment caused Plaintiff Franklin Delenor Finch to develop mesothelioma as a consequence of which he was injured and damaged, and Plaintiffs hereby make a claim for damages from the Defendants jointly and severally.

23

73. As a result of the Defendants' failure to warn, Plaintiff Franklin Delenor Finch suffered the injuries, illnesses, and/or damages hereinafter alleged.

## SEVENTH CAUSE OF ACTION ALLEGATIONS
## AGAINST PREMISE AND CONTRACTOR DEFENDANTS
**(Against all named Defendants except Metropolitan Life Insurance Company)**

74. Plaintiff Franklin Delenor Finch worked at premises owned and/or controlled by the Premise and Contractor Defendants at which he was exposed to asbestos products and dust from asbestos products.

75. While present at the premises owned and/or controlled by the Premise and Contractor Defendants, Plaintiff Franklin Delenor Finch was continuously exposed to asbestos and asbestos-containing dust without the provision of appropriate safeguards by the Premise and Contractor Defendants who had the responsibility for such safeguards.

76. Plaintiffs would further show that Plaintiff Franklin Delenor Finch's injuries and diseases were the result of intentional acts and/or omissions and/or negligence, gross negligence and malice in the use of asbestos at premises owned and/or controlled by the Premise and Contractor Defendants. Premise and Contractor Defendants failed to properly remove and/or abate said asbestos at their facilities during the time Plaintiff Franklin Delenor Finch was working there.

77. Plaintiffs would show that Premise and Contractor Defendants were negligent, grossly negligent and malicious, and committed certain intentional acts, all of which were the proximate cause of the disease and injuries resulting in mesothelioma from exposure to asbestos.

78. In particular, Plaintiffs would show that Premise and Contractor Defendants demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of

Plaintiff Franklin Delenor Finch, and that such intentional acts and omissions proximately caused Plaintiff Franklin Delenor Finch's disease and injuries.

79.     Specific intentional acts and acts constituting negligence, gross negligence and malice committed by Premise and Contractor Defendants that proximately caused Plaintiff Franklin Delenor Finch's injuries and disease include:

(a)     Failure to provide safe equipment for Plaintiff Franklin Delenor Finch to use;

(b)     Failure to provide adequate safety measures and protection against deadly and life threatening asbestos dust, all despite Premise and Contractor Defendants' knowledge of the extreme risk of harm inherent to asbestos exposure;

(c)     Failure to adequately warn Plaintiff Franklin Delenor Finch of the inherent dangers of asbestos contamination;

(d)     Failure to maintain the ambient and environmental conditions of the premise in proper and safe condition;

(e)     Failure to follow and adhere to various states and U.S. Government statutes, regulations and guidelines pertaining to asbestos and the exposure to asbestos of individuals.  Such failure constituted negligence per se at a minimum.

80.     Plaintiffs would further show that Premise and Contractor Defendants intentionally, knowingly, and/or due to negligence, gross negligence and malice, failed to ensure that individuals such as Plaintiff Franklin Delenor Finch were protected from the inhalation of asbestos and asbestos fibers.  Such actions proximately caused Plaintiff Franklin Delenor Finch's injuries and illness.

81.     Additionally, specific actions or omissions on the part of Premise and Contractor Defendants that proximately caused Plaintiff Franklin Delenor Finch's injuries and illness were:

(a)     Attempting to remove asbestos dust in Plaintiff Franklin Delenor Finch's workplace without taking adequate precautions for the protection of workers in the vicinity and/or in the premises generally;

(b)     Failing to provide proper protective gear for individuals exposed to asbestos;

(c)     Failing to provide adequate ventilation to ensure that individuals in the vicinity were not exposed to asbestos;

(d)     Failing to provide a proper and safe method for the use of asbestos and asbestos
fibers;

(e)     Failing to adhere to industry safe standards and other established measures to protect workers from harm; and

(f)     Failing to adequately warn of the extreme risk of danger of inherent to asbestos exposure.

82.     Premise and Contractor Defendants demonstrated such an entire want of care as to establish that its acts and omissions alleged above were the result of actual conscious indifference to the rights, safety, and welfare of Plaintiff Franklin Delenor Finch.

### EIGHTH CAUSE OF ACTION
### CONSPIRACY AND PUNITIVE DAMAGES
**(Against Metropolitan Life Insurance Company Only)**

83.     Defendant METROPOLITAN LIFE INSURANCE COMPANY rendered substantial aid and assistance to the manufacturers of asbestos-containing products and/or

26

equipment to which Plaintiff Franklin Delenor Finch was exposed, and such assistance by METROPOLITAN LIFE aided and abetted the negligence and the marketing of unreasonably dangerous asbestos-containing products and/or equipment by such manufacturers which proximately caused Plaintiff Franklin Delenor Finch's illness, injuries, and/or disabilities.

84.     In both conducting tests and in publishing their alleged results, METROPOLITAN LIFE failed to exercise reasonable care to conduct or publish complete, adequate and accurate tests of the health effects of asbestos. METROPOLITAN LIFE also caused to be published intentionally false, misleading, inaccurate and deceptive information about the health effects of asbestos exposure.

85.     Plaintiff Franklin Delenor Finch unwittingly but justifiably relied upon the thoroughness of METROPOLITAN LIFE's tests and information dissemination, the results of which METROPOLITAN LIFE published in leading medical journals.

86.     As a direct and proximate contributing result of METROPOLITAN LIFE's failures to conduct or accurately publish adequate tests or disseminate accurate and truthful information, after undertaking to do so; (i) the risk of harm to Plaintiff Franklin Delenor Finch from asbestos exposure was increased, and (ii) Plaintiff Franklin Delenor Finch suffered the injuries previously described.

87.     In failing to test fully and adequately for the adverse health effects from exposure to asbestos; in delaying the publication of such results; in falsely editing such results as were obtained; in suppressing relevant medical inquiry and knowledge about those hazards to promote the sale and distribution of asbestos as a harmless product; and

in collaborating with the other Defendants materially to understate the hazards of asbestos exposure, all for their own profit and gain, METROPOLITAN LIFE acted willfully, wantonly, and with malice in calculated disregard for the welfare of the general public, including Plaintiff Franklin Delenor Finch. Plaintiffs seek compensatory and punitive damages against METROPOLITAN LIFE as a result.

**DAMAGES**
**LOSS OF CONSORTIUM**

83.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

84.     Plaintiffs Franklin Delenor Finch and Ann Finch were married in North Carolina on July 1, 1961 and have remained married at all times material hereto.

85.     As a direct and proximate result of the injuries and damages complained of herein with respect to Plaintiff Franklin Delenor Finch, and as a direct and proximate result of the acts and omissions of the Defendants, Plaintiff-Spouse Ann Finch has also suffered and will continue to suffer loss of the consortium, society, companionship, fellowship and other valuable services of her husband; and therefore, Plaintiff-Spouse Ann Finch is entitled to damages for her loss of consortium, both past and future.

**COMPENSATORY AND PUNITIVE DAMAGES**

86.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

87.     As a result of the above-alleged conduct of the Defendants, Plaintiff Franklin Delenor Finch developed mesothelioma, as a consequence of which, he has been damaged as follows:

(a)      hospital and medical expenses incidental to Plaintiff Franklin Delenor Finch's illness;

(b)      loss of earnings and future earning power of Plaintiff Franklin Delenor Finch;

(e)      loss of Plaintiff Franklin Delenor Finch's general health, strength, and vitality;

(c)      loss of pecuniary contributions to the heirs of Plaintiff Franklin Delenor Finch;

(d)      loss of consortium, society, aid, companionship and services to the heirs of Plaintiff Franklin Delenor Finch;

(e)      future loss of consortium, society, aid, companionship and services to the heirs of Plaintiff Franklin Delenor Finch;

(f)      pain and suffering of Plaintiff Franklin Delenor Finch;

(g)      all other damages recoverable under said Act.

WHEREFORE, the Plaintiffs verily believe they are entitled to actual damages against the Defendants, jointly and severally, by reason of said negligence, gross negligence, breach of warranty, false representation, failure to warn, conspiracy and other breaches of duty and willful, wanton, fraudulent and malicious conduct as alleged herein proximately caused by the fault of the Defendants. Plaintiffs pray for judgment against all Defendants for actual and punitive damages, lost wages and special damages in an amount to be determined by the trier of fact, in excess of $75,000, plus interest as provided by law and the costs of this action.

**PLAINTIFFS REQUEST TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

This 24th day of August, 2016.

/s/William M. Graham
William M. Graham (NC Bar #17972)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144
Phone: 704-633-5244
bgraham@wallacegraham.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 24th day of August, 2016, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that

I have mailed the document to the following non CM/ECF participants:


**BASF CATALYSTS LLC**
CT Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601-2957

**COVIL CORPORATION**
Greenville Process Service
Greengate Office Park
25 Woods Lake Road, Suite 216
Greenville, SC 29607

**DANIEL INTERNATIONAL CORPORATION**
100 Fluor Daniel Drive
 Greenville, SC 29607

**FLUOR CONSTRUCTORS INTERNATIONAL**, f/k/a FLUOR CORPORATION
Corporation Service Company
1703 Laurel Street
Columbia, SC 29201

**FLUOR CONSTRUCTORS INTERNATIONAL, INC.**
Corporation Service Company
1703 Laurel Street
Columbia, SC 29201

**FLUOR DANIEL SERVICES CORPORATION**
Corporation Service Company
327 Hillsborough Street,
Raleigh, North Carolina 27603

**FLUOR ENTERPRISES, INC.**
Corporation Service Company
327 Hillsborough Street,
Raleigh, North Carolina 27603.

31

**FOSTER WHEELER ENERGY CORPORATION**
CT Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601-2957

**MCNEIL (OHIO) CORPORATION**
Corporation Service Company
2345 Rice Street, Suite 230
Roseville, MN 55113

**MCNEIL & NRM, INC.**
US Corporation Company
50 West Broad Street, Suite 1800
Columbus, OH 43215

**METROPOLITAN LIFE INSURANCE COMPANY**
CT Corporation System
111 Eighth Avenue
New York, NY, 10011

**PFIZER, INC.**
C T CORPORATION SYSTEM
2 Office Park Court Ste. 103
Columbia, SC 29223

Respectfully submitted,

/s/William M. Graham
William M. Graham (NC Bar #17972)
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144
Phone: 704-633-5244
bgraham@wallacegraham.com