IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ANN FINCH, Individually, and as Executrix of the Estate of Franklin Delenor Finch,<br><br>Plaintiffs,<br><br>vs.<br><br>BASF CATALYSTS LLC, sued individually and as successor-in-interest to ENGELHARD, PITA REALTY LTD., AND EASTERN MAGNESIA TALC CO., et al.,<br><br>Defendants. | Civil Action No. 1:16-CV-1077<br><br>**BRIEF IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S USE OF SEAN FITZGERALD AS AN EXPERT WITNESS** |

Pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure and Local Rule 7.3, Defendant Pfizer, Inc. ("Pfizer") respectfully submits this brief in support of its motion to strike the proffered report and testing of Sean Fitzgerald [ECF Dkt. 210-1]. Pfizer further moves to exclude Mr. Fitzgerald as a putative expert witness in this case. The grounds for Pfizer's motion are Plaintiff's failures to timely identify the substance of Fitzgerald's testimony, identify the existence of tangible evidence, and produce Fitzgerald's report in a timely manner as required by the Federal Rules of Civil Procedure and this Court's scheduling order.

## BACKGROUND

On March 19, 2018, Plaintiff filed a motion for spoliation sanctions against Pfizer. [ECF Dkt. 210.] Though expert reports were due more than five months earlier, Plaintiff

attached a previously undisclosed 45-page "Particle Characterization" report as an exhibit to the motion. [Fitzgerald Report, ECF Dkt. 210-1.] The report, written by Sean Fitzgerald, is dated May 10, 2016. [*Id.* at 1, 6.]

In the report, Fitzgerald claims that on April 22, 2016, he received a manila envelope from Plaintiff's counsel containing an identification badge purportedly used by Mr. Dock Finch (Plaintiff's decedent). [*Id.* at 1.] Fitzgerald claims that he tested the badge so that he could "characterize the surface dust from the badge to determine if there were identifiable constituents and/or asbestos fibers in that dust." [*Id.*] He further claims that those tests showed that "the dust on Mr. Finch's badge had many asbestiform constituents, including fibrous talc, antigorite, and richterite in addition to the regulated asbestos types amosite (asbestiform magnesio-grunerite), anthophyllite, tremolite, and chrysotile." [*Id.* at 3-4.]

As noted, Mr. Fitzgerald's opinions, and the existence of the badge, had not been disclosed prior to filing of her spoliation motion on March 19, 2018. Plaintiff served her Rule 26(a)(1) disclosures on November 23, 2016. (*See* Pl. Rule 26(a)(1) Disclosures, attached as Exhibit A.) In those initial disclosures, Plaintiff identified 40 expert witnesses, including Fitzgerald. (*Id.*) For 39 of the 40 expert witnesses, Plaintiff described the witnesses' expertise and the possible subjects of the witnesses' testimony. (*Id.*) As to Fitzgerald, however, Plaintiff included no such description. (*Id.* at 35.) She merely listed Fitzgerald's name and contact information. (*Id.*) Plaintiff's Rule 26(a)(1) disclosures likewise did not disclose the existence of Mr. Finch's Firestone identification badge. Nor did Plaintiff ever amend her disclosures over the last two years to provide any information

2

about Mr. Fitzgerald's opinions, the work badge, or to inform Pfizer that Mr. Fitzgerald was planning on doing destructive testing on the badge.

Plaintiff's expert reports were due on October 2, 2017. [*See* ECF Dkt. 47 (Rule 26(f) Report); ECF Dkt. 48 (order adopting report's deadlines).] Though Plaintiff produced numerous reports on that date, she never produced a report from Mr. Fitzgerald. Nor did she disclose his report at any point in the five months after October 2, 2017, until she finally attached it to a motion for sanctions on March 19, 2018.

Mr. Fitzgerald's report is the centerpiece of her sanction motion against Pfizer. She contends that it shows that: (1) Mr. Finch's badge contained certain identifying markers which are consistent with talc from Southern California's Death Valley region, including Pfizer's Western Acme mine; (2) Pfizer must have sold talc from its Western Acme mine to the Firestone plant in Wilson, North Carolina where Mr. Finch worked; and (3) that Pfizer therefore must have destroyed sales records showing its sale of talc to the Firestone plant.[1] [*See generally* Pl. Mot. for Sanctions, ECF Dkt. 210.]

This theory is deeply flawed for the multiple reasons that Pfizer outlines in its separate Opposition to Plaintiff's Motion for Sanctions, filed contemporaneously herewith, including the fact that four different employees from the Firestone plant have been deposed, including Mr. Finch, and none of them identified talc at the workplace. (*See, e.g.*,

---

[1] Talc is not asbestos. It is a mineral that is sold today by scores of companies for use in cosmetics and commercial products, as well as for industrial uses. While there are rare instances in which certain types of talc have been found to be contaminated with traces of asbestos, there is no evidence that Pfizer sold any such contaminated talc to the Firestone tire factory where Mr. Finch worked.

3

Nov. 29, 2016 Video Dep. of F. Finch ("Finch Dep.") at 15:13-19, 29:5-20, 30:2-31:15, 33:20-35:16, 42:16-20 (Pfizer Ex. B).) This motion requests that the Court strike Fitzgerald's report and exclude Fitzgerald's testing and opinions based on Plaintiff's failure to disclose the report in accordance with the Federal Rules of Civil Procedure and this Court's scheduling order.

**ARGUMENT**

Mr. Fitzgerald's report must be struck, and his testimony excluded from trial, because Plaintiff failed to timely disclose Mr. Fitzgerald's opinions, to disclose the existence of the badge he tested, and to produce his expert report, as required by Rule 26(a)(2) and this Court's scheduling order. [*See* Sched. Order, ECF Dkt. 47.] Because of these failures, Plaintiff is prohibited from the use of any of this evidence pursuant to Rule 37(c)(1).

### A. Plaintiff Violated Rule 26

Plaintiff has violated Rule 26 in at least three respects. First, Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires each party to disclose the name, address, and telephone number of any person likely to have discoverable information, *along with the subjects of that information*. Plaintiff disclosed Fitzgerald's name and contact information in her initial disclosures on November 23, 2016. However, despite already having Fitzgerald's detailed, 45-page report for 6 months, Plaintiff disclosed nothing about the subjects of Fitzgerald's knowledge.

Second, Rule 26(a)(1)(A)(ii) also requires a party to describe all "tangible things that the disclosing party has in its possession, custody, or control and may use to support

4

its claims or defenses." Plaintiff had the identification badge for months before serving her initial disclosures, and had tested it for asbestos and other minerals. [*See* Fitzgerald Report, ECF Dkt. 210-1 at 1.] Nonetheless, Plaintiff did not disclose the existence of the badge until approximately two years later, despite her continuing obligation to supplement incomplete or incorrect disclosures. FED. R. CIV. P. 26(e).

Third, Federal Rule of Civil Procedure 26(a)(2) requires the parties to timely disclose their expert witnesses in accordance with any deadlines set by the district court. The rule further requires parties to disclose a "written report," "prepared and signed by the witness," and containing the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2)(B); *see also, e.g.*, *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1361 (11th Cir. 2008) (explaining "'[d]isclosure of expert testimony' within the meaning of [Rule 26] contemplates not only the identification of the expert, but also the provision of [the expert's] written report.'" (alterations in original)). The purpose

5

of Rule 26(a) is to allow litigants "to adequately prepare their cases for trial and to avoid unfair surprise." *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017).

The parties' initial Rule 26(f) report, as required by Local Rule 16.1(e), provided that discovery related to experts must be conducted within the discovery period established in this case. [Rule 26(f), Report, ECF Dkt. 47.] The Rule 26(f) Report set October 2, 2017 as the deadline for Plaintiff to disclose her expert reports, and was approved by the Court. [Order, ECF Dkt. 48.] This Court issued a modified scheduling order on November 28, 2017, which allowed the parties until April 2, 2018, to complete discovery. [*See* Mod. Sched. Order, ECF Dkt. 144.] Despite the Court's scheduling order, Plaintiff did not produce Fitzgerald's report until filing her motion for sanctions on March 19, 2018—five and a half months after Plaintiff's expert deadline and just two weeks before the close of discovery. Plaintiff therefore failed to comply with the schedule mandated by this court. *See Bresler*, 855 F.3d at 189 ("A party must make required expert witness disclosures "at the times and in the sequence that the court orders."); *Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002) (explaining "when there is a discovery plan covering expert disclosures, the plan controls and not the explicit provisions of Rule 26(a)(2)(C)," and finding an untimely expert opinion "was not permissible under the discovery plan and violated the Court's order").

### B. Rule 37(c) Mandates the Exclusion of Fitzgerald's Testimony

Failure to comply with the disclosure requirements of Rule 26(a) results in the automatic and mandatory exclusion of the proffered witness "unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1); *see also S. States Rack &*

6

*Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003); FED. R. CIV. P. 16(f) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . (C) fails to obey a scheduling or other pretrial order."). A party that fails to disclose required information bears the burden of establishing that the nondisclosure was substantially justified or harmless. *Bresler*, 855 F.3d at 190.

Courts apply a five-factor test to determine whether the failure to disclose an expert report is "substantially justified" or "harmless": (1) "the surprise to the party against whom the witness was to have testified"; (2) "the ability of the party to cure that surprise"; (3) "the extent to which allowing the testimony would disrupt the trial"; (4) "the explanation for the party's failure to name the witness before trial"; and (5) the importance of the testimony." *Southern States*, 318 F.3d at 596. The first four factors listed relate primarily to the harmlessness exception, while the last factor relates primarily to the substantial justification exception. *Bresler*, 855 F.3d at 190.

Plaintiff fails the *Southern States* five-factor test, and Fitzgerald's testimony therefore must be excluded. First, the surprise to Pfizer was significant. Not only did Plaintiff fail to disclose the Fitzgerald report for almost two years, she kept the report as a proverbial ace up her sleeve, disclosing the report only when she saw an opportunity to dodge her burden of proof by seeking an adverse inference against Pfizer.

Second, now that discovery has closed, Pfizer cannot cure the surprise by deposing Fitzgerald. Moreover, because Mr. Fitzgerald performed a destructive test by wiping all dust from the badge, it would now be impossible for Pfizer to perform its own testing of

7

that dust to challenge Fitzgerald's findings. [*See* Fitzgerald Report, ECF Dkt. 210-1, at 3 (explaining that Fitzgerald had "wiped" the "surface of the badge . . . with an approved microscopically clean fiber-free cloth wetted with a 50/50 alcohol DI water mix").] Thus, Pfizer will suffer significant harm and prejudice if Plaintiff is permitted to rely upon an expert report that she hid for two years.

Additionally, Plaintiff cannot establish that its delay in disclosing the report was substantially justified. Plaintiff's counsel received the report six months ***before*** serving Plaintiff's initial disclosures, which named Fitzgerald as an expert without disclosing any other information related to Fitzgerald. Thus, at the time Plaintiff served her initial disclosures, she knew the details of Fitzgerald's opinion and the conclusion he reached by testing the badge. There cannot be any justification for Plaintiff's failure to disclose a report that purports to link Mr. Finch's alleged asbestos exposure to Pfizer's talc mine in California. Accordingly, this Court should exclude Fitzgerald's report and testimony based on Plaintiff's unjustified failure to comply with the Federal Rules of Civil Procedure and this Court's scheduling order. *See Wilkins v. Montgomery*, 751 F.3d 214, 219 (4th Cir. 2014) (affirming the exclusion of an expert witness because a party produced an insufficient expert report two weeks after the Rule 26(a) disclosure deadline).

## **CONCLUSION**

Based on the foregoing, Pfizer respectfully requests that this Court strike the expert report of Sean Fitzgerald [ECF Dkt. 210-1], and preclude Sean Fitzgerald from testifying at trial.

8

Respectfully submitted this 9th day of April, 2018.

        /s/ Tracy E. Tomlin
        Tracy E. Tomlin, Esq.
        NC Bar No. 26267
        *Attorneys for Pfizer, Inc.*
        Nelson Mullins Riley & Scarborough LLP
        301 South College Street, 23rd Floor
        Charlotte, NC  28202
        (704) 417-3000
        (704) 417.3227  Fax
        tracy.tomlin@nelsonmullins.com

9

Case 1:16-cv-01077-CCE-JEP   Document 240   Filed 04/09/18   Page 9 of 13

## WORD COUNT CERTIFICATION

Pursuant to Local Rule 7.3(d)(1), I hereby certify that the foregoing brief is less than 6250 words (excluding caption and certificates of counsel) as reported by the word processing software.

/s/Tracy E. Tomlin
Tracy E. Tomlin
NC Bar No. 26267
Nelson Mullins Riley & Scarborough LLP
301 South College Street, 23rd Floor
Charlotte, NC 28202
(704) 417-3101 Direct Dial
(704) 417-3227 Dedicated Facisimile
tracy.tomlin@nelsonmullins.com

# CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

- **GARY L. BEAVER**
  gbeaver@nexsenpruet.com,smcdaniel@nexsenpruet.com,gsurratt@nexsenpruet.com
- **BENJAMIN D. BRALY**
  bbraly@dobllp.com,spepin@dobllp.com,cweeks@dobllp.com,case@dobllp.com
- **CHARLES W. BRANHAM , III**
  tbranham@DOBLLP.com,spepin@dobllp.com
- **TRAVIS ANDREW BUSTAMANTE**
  travis.bustamante@nelsonmullins.com,dominique.werner@nelsonmullins.com,jill.tucker@nelsonmullins.com
- **KEITH E. COLTRAIN**
  keith.coltrain@walltempleton.com,cathy.albanese@walltempleton.com
- **W. DAVID CONNER**
  dconner@hsblawfirm.com,sturner@hsblawfirm.com,tfreedle@hsblawfirm.com,jbonnoitt@hsblawfirm.com
- **JESSICA M. DEAN**
  jdean@dobllp.com,spepin@dobllp.com
- **JAMES M. DEDMAN , IV**
  jdedman@gwblawfirm.com,rmeyer@gwblawfirm.com,ctowers@gwblawfirm.com,jspurling@gwblawfirm.com,jdungee@gwblawfirm.com,dwhite@gwblawfirm.com,rtate@gwblawfirm.com
- **DAVID MARSHALL DUKE**
  dmd@ymh.com,msr@ymh.com,ecm@ymh.com,kduke@youngmoorelaw.com,ssf@ymh.com,kmillinder@ymh.com,das@ymh.com
- **WILLIAM P. EARLY**
  willearly@phswlaw.com,sherrymanning@phswlaw.com,rachaeltomlinson@phswlaw.com,hannahwood@phswlaw.com
- **SCOTT E. FRICK**
  sfrick@hsblawfirm.com,sturner@hsblawfirm.com,tfreedle@hsblawfirm.com,jbonnoitt@hsblawfirm.com
- **REBECCA L. GAUTHIER**
  rebecca.gauthier@klgates.com,kim.taylor@klgates.com
- **LORI E. GILMORE**
  lori.gilmore@mgclaw.com
- **WILLIAM MARC GRAHAM**
  bgraham@wallacegraham.com,cpine@wallacegraham.com,khoffner@wallacegraham.com
- **JONATHAN M. HOLDER**
  jholder@dobllp.com

- **JENNIFER BLAKELY D. KIEFER**
  bkiefer@wyrick.com,bdurand@wyrick.com,mramsey@wyrick.com
- **CARTER T. LAMBETH**
  ctl@johnsonandlambeth.com,sarah@johnsonandlambeth.com
- **MOFFATT G. MCDONALD**
  mmcdonald@hsblawfirm.com,sturner@hsblawfirm.com,tfreedle@hsblawfirm.com,jbonnoitt@hsblawfirm.com
- **TIMOTHY PECK**
  tim.peck@smithmoorelaw.com,holly.grant@smithmoorelaw.com
- **PAUL J. PURYEAR , JR**
  ppuryear@wyrick.com,dwilliams@wyrick.com,cabitbol@wyrick.com,abray@wyrick.com
- **CHARNANDA T. REID**
  creid@wyrick.com,mlennox@wyrick.com,cabitbol@wyrick.com
- **MARLA T. RESCHLY**
  marla.reschly@klgates.com,katie.burris@klgates.com,carol.pedersen@klgates.com
- **THEODORE D. RHENEY**
  drheney@gwblawfirm.com
- **PETER A. SANTOS**
  psantos@nexsenpruet.com,ssommer@nexsenpruet.com
- **ROBIN A. SEELBACH**
  robin.seelbach@walltempleton.com,emily.kiser-yellick@walltempleton.com,cathy.albanese@walltempleton.com
- **RICK C. SHEA**
  rshea@smbtrials.com
- **LISA W. SHIRLEY**
  lshirley@dobllp.com,spepin@dobllp.com
- **WILLIAM W. SILVERMAN**
  william.silverman@walltempleton.com,emily.kiser-yellick@walltempleton.com,cathy.albanese@walltempleton.com,robin.seelbach@walltempleton.com
- **CHARLES M. SPRINKLE , III**
  csprinkle@hsblawfirm.com,languilm@hsblawfirm.com,sturner@hsblawfirm.com,tfreedle@hsblawfirm.com,jbonnoitt@hsblawfirm.com,mwatson@hsblawfirm.com
- **WILLIAM MICHAEL STARR**
  bill.starr@nelsonmullins.com,kathy.southworth@nelsonmullins.com
- **SABRINA G. STONE**
  sstone@dobllp.com,mbuha@dobllp.com,spepin@dobllp.com,case@dobllp.com
- **RONALD G. TATE , JR**
  RTate@GWBlawfirm.com,MSheehan@GWBlawfirm.com
- **JENNIFER M. TECHMAN**
  JMTechman@ewhlaw.com,asrogers@ewhlaw.com,plsisk@ewhlaw.com,rlhuenefeld@ewhlaw.com

- **TRACY E. TOMLIN**
  tracy.tomlin@nelsonmullins.com,jill.tucker@nelsonmullins.com,christine.greene@nelsonmullins.com
- **ALLYSON R. TWILLEY**
  atwilley@gwblawfirm.com
- **JOHN R. WELLSCHLAGER**
  john.wellschlager@dlapiper.com
- **DANIEL B. WHITE**
  dwhite@gwblawfirm.com,ctowers@gwblawfirm.com,trose@gwblawfirm.com
- **DAVID G. WILLIAMS**
  dgw@ymh.com
- **STEPHEN B. WILLIAMSON**
  swilliamson@vwlawfirm.com,fsmith@vwlawfirm.com,tedge@vwlawfirm.com

- (No manual recipients)

/s/Tracy E. Tomlin
Tracy E. Tomlin, Esq.
NC Bar No.: 26267
*Attorney for Pfizer, Inc.*
Nelson Mullins Riley & Scarborough LLP
301 South College Street, 23rd Floor
Charlotte, NC 28202
(704) 417-3101  Direct Dial
(704) 417-3227  Dedicated Facsimile
tracy.tomlin@nelsonmullins.com